# UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF TEXAS

DAVID BAILEY,

    *Plaintiff,*

v.

OSCAR RAMOS; CHRISTOPHER DECH; CITY OF SAN ANTONIO, a political subdivision of the State of Texas;

    *Defendants.*

Case No.: 5:20-cv-466

Hon.

---

Solomon M. Radner (P73653)
EXCOLO LAW, PLLC
*Attorney for Plaintiff*
26700 Lahster Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, DAVID BAILEY, by and through his attorneys, EXCOLO LAW, PLLC, complaining of Defendants and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of rights secured by 42 U.S.C.§ 1983 and the First, Fourth, and the Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place at 516 E. Houston St., San Antonio, Bexar County, Texas.

4. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) since the individual Defendants are employees of the City of San Antonio, the acts providing the legal basis for this complaint occurred in the City of San Antonio, County of Bexar, State of Texas.

## PARTIES

5. Plaintiff, David Bailey ("Plaintiff" or "Mr. Bailey"), is a law-abiding citizen of the State of Texas.

6. Defendant, Oscar Ramos ("Ramos"), is employed by the City of San Antonio as a patrol officer and was acting under the color of state law.

7. Defendant, Christopher Dech ("Dech"), is employed by the City of San Antonio as a patrol officer and was acting under the color of law.

8. Defendant, City of San Antonio ("City"), is a political subdivision in the State of Texas, acting under color of state law, and is a person for the purposes of a 42 U.S.C. § 1983 action. Defendant City, through its policy makers and decision makers, establish and oversee the law enforcement training, supervision, rules and procedures that govern the conduct of Defendants Ramos, Dech, and all other San Antonio Police Officers.

9. At all times relevant hereinafter mentioned, the individual Defendants were personally acting under the color of state law, and in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of San Antonio.

10. Each and all the acts of the individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by the San Antonio Police Department.

11. Each and all of the acts of the individual defendants were committed by Defendants knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference and/or gross negligence.

12. Each and all of the herein complained of unlawful and/or unconstitutional acts of the individual law enforcement officials, were done despite their knowledge that they were engaging in unlawful and unconstitutional acts, and yet did them anyway knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference and/or gross negligence.

## STATEMENT OF FACTS

13. On April 28, 2018, Mr. Bailey was recording police officers responding to an assault at 516 E. Houston St. in San Antonio.

14. While Mr. Bailey was recording the officers, Defendant Ramos told Mr. Bailey to move backwards. Mr. Bailey began moving backwards. Defendant

Ramos then pushed Mr. Bailey back several feet, threw him to the ground and arrested him.

15. Defendant Dech assisted in the arrest of Mr. Bailey.

16. Mr. Bailey suffered an abrasion on his wrist and knee, acute neck pain, and a concussion as a result of force used while effectuating his arrest by the Defendants.

17. Defendants arrested Mr. Bailey and seized his property without a warrant and without probable cause to believe he had committed a crime.

18. As a result of the unlawful arrest, Mr. Bailey was taken to jail and processed.

19. As a result of the unlawful arrest, Mr. Bailey suffered injuries including a concussion, shoulder injury, and more.

20. Mr. Bailey was charged with Interfering with the Duties of a Public Servant.

21. On July 23, 2018, the charge against Mr. Bailey was dismissed by the Bexar County Prosecutor's Offense for insufficient evidence.  The Prosecuting Attorney explained the charge was dismissed because an inability to prove the case beyond a reasonable doubt.

22. Filming police officers is lawful and constitutionally protected conduct.

23. Filming police officers does not create reasonable suspicion, probable cause, or any evidence of criminal conduct.

24. The unlawful seizure of Mr. Bailey and his property was in violation of the First and Fourth Amendments.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Unlawfully Preventing Recording of a Police Officer)

25. Plaintiff incorporates herein all the prior allegations.

26. Mr. Bailey engaged in constitutionally protected conduct of recording police officers while they were performing their duties.

27. Defendants, in accordance with the policies of San Antonio, shoved, tackled, and arrested Mr. Bailey while he was exercising his First Amendment right to record police officers.

28. Defendants intentionally, knowingly, maliciously, recklessly, and/or unreasonably prevented Mr. Bailey from recording police officers conducting their duties.

29. Mr. Bailey had a clearly established constitutional right to record the police.

30. The Defendants' acts deprived Mr. Bailey of the rights, privileges, and immunities guaranteed to citizens of the United States by the First and Fourteenth

Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

31. As a proximate cause of the illegal and unconstitutional acts of the Defendants, Mr. Bailey was harmed and suffered damages as a result.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

32. Plaintiff incorporates herein all the prior allegations

33. Mr. Bailey engaged in constitutionally protected conduct of recording the police.

34. Defendants, in accordance with the policies of San Antonio, arrested Mr. Bailey for exercising his First Amendment right to record the police.

35. In retaliation for this protected conduct. Defendants intentionally, knowingly, maliciously, recklessly, and/or unreasonably detained, handcuffed, and arrested Mr. Bailey without a warrant, probable cause, or any legal basis.

36. The Defendants had no knowledge of any facts or circumstances which would lead a reasonable person to believe that Mr. Bailey committed any offense.

37. Such a retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

38. The retaliation was motivated at least in party by the protected speech.

39. There is a causal connection between Mr. Bailey's constitutionally protected conduct and the adverse retaliatory actions taken by the Defendants.

40. The Defendants' acts deprived Mr. Bailey of the rights, privileges, and immunities guaranteed to citizens of the United States by the First and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

41. As a proximate result of the illegal and unconstitutional acts of the Defendants, Mr. Bailey was harmed and suffered damages as a result.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Unlawful Arrest)

42. Plaintiff incorporates herein all the prior allegations.

43. The Fourth Amendment requires police officers to possess sufficient probable cause before placing a criminal suspect under arrest.

44. At all times relevant, Mr. Bailey had a clearly established right to liberty, including his right to protection from unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

45. Defendants intentionally, knowingly, maliciously, recklessly, and/or unreasonably, and in accordance with the policies of San Antonio, arrested Mr. Bailey without a warrant, probable cause, or any legal basis.

46. Mr. Bailey was not free to leave and was therefore under arrest.

47. The Defendants' acts deprived Mr. Bailey of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

48. As a proximate result of the illegal and unconstitutional acts of the Defendants, Mr. Bailey was harmed and suffered damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Seizure)

49. Plaintiff incorporates herein all the prior allegations.

50. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

51. Defendants intentionally, knowingly, maliciously, recklessly, and/or unreasonably seized Mr. Bailey's phone without a warrant, probable cause, or any lawful basis.

52. In violation of Mr. Bailey's clearly established, constitutionally protected right to be free from unreasonable seizure of his property, Defendants seized Mr. Bailey's phone.

53. The Defendants' acts deprived Mr. Bailey of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

54. As a proximate result of the illegal and unconstitutional acts of the Defendants, Mr. Bailey was harmed and suffered damages.

## COUNT V
## VIOLATION OF CIVIL RIGHS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

55. Plaintiff incorporates herein all the prior allegations.

56. The Fourth Amendment prohibits officers from using excessive force when effectuating an arrest.

57. Mr. Bailey suffered injuries as a direct result of the excessive and unnecessary forced used by the Defendants.

58. Defendants shoved Mr. Bailey several feet, before slamming him to the ground and handcuffing him.

59. The Defendants use more physical force than necessary to effectuate the arrest.

60. Mr. Bailey did not display any threatening or aggressive behavior to necessitate the use of any force. Mr. Bailey was complying with the Defendants' verbal order prior to the unnecessary use of force.

61. Mr. Bailey had a clearly established, constitution right to be free from excessive force.

62. The Defendants' acts deprived Mr. Bailey of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

63. As a proximate result of the illegal and unconstitutional acts of the Defendants, Mr. Bailey was harmed and suffered damages.

## COUNT VI
## VILATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Malicious Prosecution)

64. Plaintiff incorporates all the prior allegations.

65. Mr. Bailey had a clearly established, constitutional right to be free from malicious prosecution.

66. Defendants initiated criminal prosecution against Mr. Bailey for Interfering with the Duties of a Public Servant.

67. There was no probable cause for the criminal prosecution against Mr. Bailey

68. The charges against Mr. Bailey were resolved in his favor when the Prosecuting Attorney dismissed the charges for insufficient evidence to prove Mr. Bailey committed the alleged crime beyond a reasonable doubt.

69. Defendants acted intentionally, with actual malice and ill will, and without legal justification, knowingly, willfully, and wantonly evidencing a

complete and utter disregard for the truth in instituting legal proceedings against Mr. Bailey.

70. As a result of the malicious prosecution of Mr. Bailey, he was harmed and has suffered damages.

## COUNT VII
## VILATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Municipal Liability – Unlawful Policy, Practice, or Custom)

71. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

72. Defendant San Antonio directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages caused as a result of the conduct of the individual Defendants. The conduct of the individual Defendant officers was a direct consequence of the policies and practices of Defendant City.

73. At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City, including but not limited to:

    a. Maintaining a spoken or unspoken policy, practice, or custom to detain and arrest individuals who record police officers performing public duties even if the individual is not committing any criminal actions;

    b. Inadequately training its police officers on the established rights of citizens thereby failing to adequately discourage further constitutional violations on part of its police officers.

74. The de facto unwritten policy, procedure, or custom, described herein, demonstrates deliberate indifference to the constitutional rights of Plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

75. Further, the failure to train its officers on the established rights of citizens demonstrates deliberate indifference to the constitutional rights of Plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

76. As a proximate result of the unconstitutional acts and omissions of Defendant City, Plaintiff was harmed and suffer damages for his physical, mental, and emotional injury and pain, mental anguish, humiliation, and embarrassment.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against the Defendants and award Plaintiff compensatory and punitive damages, to be determined by a jury, and reasonable attorney fees and costs of this action and any such other relief as appears just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

                                Respectfully submitted,

                                EXCOLO LAW, PLLC

                                <u>*/s/ Solomon M. Radner*</u>
                                Solomon M. Radner
                                *Attorney for Plaintiff*
                                26700 Lahser Road, Suite 401
                                Southfield, Michigan 48033
                                (866) 939-2656
                                sradner@excololaw.com

Dated: April 14, 2020